Charles Quinn, Esq.
GRAHAM CURTIN, P.A.
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
Telephone: (973) 292-1700

Of Counsel:
Richard E. Rice, Esq.
James A. Oliff, Esq.
John W. O'Meara, Esq.
Stephanie G. Stella, Esq.
OLIFF & BERRIDGE, PLC
277 South Washington Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 836-6400

*Attorneys for Defendants*
*Orchid Chemicals & Pharmaceuticals Ltd.,*
*Orchid Healthcare, Orchid Pharmaceuticals Inc.,*
*and Orgenus Pharma, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOFFMANN-LA ROCHE INC., | Civil Action Nos. |
| | 07-4582 (SRC) (MAS) |
| Plaintiff, | 08-4051 (SRC) (MAS) |
| | (consolidated for all purposes with |
| v. | 07-4582) |
| | |
| ORCHID CHEMICALS & | |
| PHARMACEUTICALS LTD., ORCHID | **ORDER GRANTING THE ORCHID** |
| HEALTHCARE, ORCHID | **DEFENDANTS' MOTION TO SEAL** |
| PHARMACEUTICALS INC., | **MATERIALS** |
| and ORGENUS PHARMA INC., | |
| | |
| Defendants. | |

| | |
|---|---|
| HOFFMANN-LA ROCHE INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC.,<br><br>    Defendants. | Civil Action Nos.<br>07-4516 (SRC) (MAS)<br>08-3607 (SRC) (MAS)<br>08-4055 (SRC) (MAS) |
| HOFFMANN-LA ROCHE INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>COBALT PHARMACEUTICALS INC., COBALT LABORATORIES, INC.,<br><br>    Defendants. | Civil Action Nos.<br>07-4539 (SRC) (MAS)<br>07-4540 (SRC) (MAS)<br>08-4054 (SRC) (MAS) |
| HOFFMANN-LA ROCHE INC.,<br><br>    Plaintiff,<br><br>    v.<br>APOTEX INC. and APOTEX CORP.,<br><br>    Defendants. | Civil Action Nos.<br>07-4417 (SRC) (MAS)<br>08-3065 (SRC) (MAS)<br>08-4053 (SRC) (MAS) |
| HOFFMANN-LA ROCHE INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GENPHARM INC. and GENPHARM, L.P.,<br><br>    Defendants. | Civil Action Nos.<br>07-4661 (SRC) (MAS)<br>08-4052 (SRC) (MAS) |

This matter having been brought before the Court by the Orchid Defendants' Motion to Seal Materials pursuant to Local Civil Rules 5.3(c) and 7.1, filed June 4, 2010, and this Court having fully considered the Declaration of Charles Quinn in support of the motion to seal, and any submissions in further support thereof and any opposition thereto, as well as the record before it, the Court makes the following findings of fact and conclusions of law:

1. On April 3, 2008, this Court entered a Protective Order in this matter (*see, e.g.*, Civil Action No. 07-4417, docket item 25) to prevent public disclosure of sensitive or proprietary business, financial, or technical information that could cause competitive injury and irreparable harm to the party that produced such information in discovery.

2. The following materials contain either documents, or information garnered from the documents, which have been properly designated as "Highly Confidential Information - Outside Counsel Eyes Only" by the Orchid Defendants, pursuant to paragraph 2 of the Protective Order in this case:

   a. *Memorandum of the Orchid Defendants in Opposition to Roche's Motion for Summary Judgment on the '957 Patent;*

   b. *The Orchid Defendants' Supplemental Statement of Material Facts in Opposition to Roche's Motion for Summary Judgment on the '957 Patent;*

   c. *The Orchid Defendants' Responsive Statement of Material Facts in Opposition to Roche's Motion for Summary Judgment on the '957 Patent;*

   d. *Supplemental Declaration of Satish Srinivasan in Opposition to Roche's Motion for Summary Judgment on the '957 Patent;* and

   e. *Supplemental Declaration of Stephanie G. Stella in Opposition to Roche's Motion for Summary Judgment on the '957 Patent.*

3. The Highly Confidential Information contained or referred to in the documents listed above pertains to the method of use of the Orchid Defendants' proposed generic ibandronate sodium pharmaceutical product that plaintiff accuses of infringing the '957 patent. The documents listed above also include information contained in Abbreviated New Drug Application No. 78-988 (the "ANDA") for the Orchid Defendants' ibandronate sodium 150 mg tablet formulation that Orchid Healthcare filed with the Food and Drug Administration pursuant to 21 U.S.C. § 355(j) on May 15, 2007. The Orchid Defendants have produced the ANDA to plaintiff under the designation "Highly Confidential Information- Outside Counsel Eyes Only" pursuant to paragraph 2 of the Protective Order.

4. The content of the ANDA, including information concerning the method of use, manufacture, composition and formulation of the Orchid Defendants' proposed generic ibandronate sodium product, is held in confidence by the Orchid Defendants and the FDA, and is not available to the public pursuant to 21 C.F.R § 314.430 (c).

5. The Orchid Defendants would suffer serious business or competitive injury if information concerning Orchid's proposed generic ibandronate sodium product were available for public inspection at this time, because the Orchid Defendants' competitors could appropriate for themselves the benefits that would be derived from Orchid's distinctive ibandronate sodium formulation, and would thus gain an unfair competitive advantage over the Orchid Defendants in the marketplace. As a result, valuable information created at substantial expense to the Orchid Defendants would thus be lost.

6. The materials listed in ¶ 2 further contain either documents, or information garnered from the documents, which have been properly designated as "Highly Confidential

Information - Outside Counsel Eyes Only" by Plaintiff Hoffmann-La Roche ("Roche"), pursuant to paragraph 2 of the Protective Order in this case.

7. Roche believes it would suffer serious business or competitive injury if information that it has produced as Highly Confidential Information under the Protective Order were available for public inspection.

8. The interests of the private parties and of the public that warrant granting of the Orchid Defendants' motion for an order to seal materials include the interest of not burdening litigants' access to the Court by requiring public disclosure of competitively sensitive confidential information as a condition of effectively litigating their right.

9. It is believed that no less restrictive alternative is available to prevent definite and serious injury to the Orchid Defendants because the parties must necessarily rely on the Orchid Defendants' confidential information regarding the method of use, composition and formulation of the accused ibandronate sodium product in order to address the issue of infringement of the '957 patent.

10. It is further believed that no less restrictive alternative is available to prevent definite and serious injury to Plaintiff Hoffmann-La Roche because the parties must necessarily rely on Roche's confidential information to address the issue of infringement of the '957 patent.

**THEREFORE,** for good cause shown, and in order to preserve the confidentiality of the aforementioned documents and information;

**IT IS ORDERED,** on this 22nd day of July, 2010, that the listed documents shall be maintained under seal by the Clerk of the Court.

_/s/ Michael A. Shipp_
**Michael A. Shipp**
**United States Magistrate Judge**